## BISHOP vs. PRICE.

*Recovery on part performance of contract.*

Where there has been only a part performance of a special contract for work at a specified price, the recovery on a *quantum meruit* (if any) cannot be at a higher rate than that stipulated; and defendant is entitled to offset his damages by reason of breach of the contract on plaintiff's part.

APPEAL from the Circuit Court for *Winnebago* County.

Action to enforce a lien for labor on logs and boom timber. Answer, that plaintiff had agreed to run from the mouth of Maple creek on the Embarrass river in Outagamie county, to New London, a lot of 250,000 feet of oak logs and timber, and put the same into square cribs with boom timber around them, and deliver them *in the Wolf river*, at New London, well hitched up, as soon as there was enough water in the Embarrass river to run said logs; for which services he was to be paid, upon such delivery of the timber, fifty cents per thousand feet; that he had also agreed to take 150,000 feet more of oak logs and timber from the bank where they lay, and run them to New London, and put them into square cribs, and deliver them *in the Wolf river* at New London, well hitched up, as soon as there was water enough in the Embarrass river; for which services he was to be paid $1.50 per thousand on their delivery; that the services mentioned in the complaint were done by plaintiff upon the lumber referred to in said contracts, but plaintiff had failed to perform the contract on his part; and defendants set up a counterclaim for $500, as damages alleged to have resulted from such failure. The answer also claims a set-off of $207, being the amount paid one Ketchum for doing a part of the work plaintiff had contracted to do; and it further claims a payment of $115. Reply in denial of the counterclaim.

On the trial, plaintiff, as a witness in his own behalf, testified to the making of the contracts alleged in the answer, and that the work he did was upon the logs mentioned in those contracts; and admitted that a considerable portion of those included in each contract was not delivered, his testimony tending to show that he was unable fully to perform his agreements on account of the low stage of water in the river, and on account of the Embarrass river being obstructed at one period by other rafts. He was then permitted, against objection, to state what it was worth, at the stage of water then existing, "to drive the first lot of logs," and also what was "a fair price for the work done" upon the second lot, "as the water was at the time of driving" the same; and he testified that fifty cents per M was a fair price for the first, and three dollars per M for the second. There was conflicting testimony as to whether there was enough water in the Embarrass river after said contracts were entered into, and before defendant employed Ketchum to take charge of the logs, to have enabled plaintiff to run them all out into the Wolf river; and also as to whether defendant had excused plaintiff from attempting to do so.

The jury found for the plaintiff, and assessed his damages at $317.72; and from a judgment on the verdict. defendant appealed.

*C. Coolbaugh,* for appellant.

*Earl P. Finch,* for respondent.

DIXON, C. J. The court erred in permitting the plaintiff, as a witness upon the stand, to testify what it was worth to drive out the logs in question. It was already in evidence before the court and jury, that there were special contracts between the parties for driving the logs. The plaintiff had testified to such contracts, and that the price which he was to receive for driving the first lot of logs was fifty cents, and for the second lot one dollar and fifty cents, per thousand feet. The

plaintiff, in answer to the question which was objected to by counsel for the defendant, testified that it was worth fifty cents per thousand feet to drive the first lot of logs, and three dollars per thousand feet to drive the last. This evidence was clearly inadmissible, and since it must, or at least may, have been considered by the jury in determining the sum which the plaintiff was entitled to recover for driving the last lot of logs, the verdict and judgment cannot be permitted to stand. Where there is a special contract between parties, and work done under it, the contract must govern as to the price to be paid for such work, even though the contract may have been but partially performed, and suit is brought to recover on a *quantum meruit* for the work done. This was decided in *Hayward v. Leonard* (7 Pick. 181), and for very good reasons, as will be seen by consulting the opinion of Chief Justice PARKER. The party agreeing to do the work cannot take advantage of his failure completely to perform it, in order to enhance the price of the work he has done; and, if he can recover at all upon a partial performance, it can only be according to the price fixed by the contract. See also *Noble v. James*, 2 Grant's Cases, 278. And in this case the measure of the plaintiff's recovery would be the price fixed by the special contracts, with interest, less such damages as the defendant may show that he has sustained by reason of any breaches of the contracts on the part of the plaintiff.

*By the Court.* — Judgment reversed, and a new trial awarded.